## LOWRY *v.* CHICAGO, B. & Q. R. Co.

*(Circuit Court, D. Nebraska.   May 6, 1891.)*

**1. REMOVAL OF CAUSES—FEDERAL QUESTION—INTERSTATE COMMERCE LAW.**

An action against an interstate common carrier by rail for damages caused by unjust discrimination in rates and charges against plaintiff as a shipper over its road, and in affording other shippers better facilities, and for unlawfully demanding and receiving extortionate rates from plaintiff, is an action arising under the interstate commerce act, though not in express terms based on that act, and, though an action would lie for the same cause at common law, is removable under Act Cong. March 3, 1887, when the petition for removal sets up defenses based on the interstate commerce act.

**2. SAME.**

The plaintiff may be content to rest his case on the common-law liability of common carriers, but he cannot thereby deprive the defendant, as a carrier of interstate commerce, of any defense it has under the interstate commerce act. A case arises under a law of the United States, whenever that law is the basis of the right or privilege, or claim or protection, or defense, of the party, in whole or in part, by whom it is set up. It is enough that there is a federal question in the case, whether it is relied on by the plaintiff or the defendant.

**3. SAME—REVIEW.**

On a motion to remand, the court will not anticipate the trial of the case by construing the act of congress and determining the rights of the parties thereunder. It cannot eliminate the federal question from the case by a premature decision of it, and then remand the suit upon the theory that it no longer involves a federal question.

At Law.   On motion to remand.

*John L. Webster, G. M. Lambertson,* and *John P. Maule,* for plaintiff.
*Marquette, Deweese & Hall,* for defendant.

CALDWELL, J.   This is a suit at law, brought by the plaintiff against the defendant as an interstate common carrier by rail, upon three separate causes of action.   The following is a brief summary of the facts constituting the causes of action: (1) That the defendant unjustly discriminated against the plaintiff in respect to rates and charges on shipments of grain from points in Nebraska to points in other states, by giving other shippers, who made like shipments under similar circumstances and conditions, and from and to the same places and at the same time, lower rates and better advantages, in respect to the number of cars, weight, and promptness in dispatch of shipment, than were given to the plaintiff.   (2) That from 1884 to 1889 the plaintiff shipped over the defendant's road from Staplehurst and other points in Nebraska, to Chicago and other cities in the United States, large quantities of wheat and other grains, for the carriage of which the defendant "unlawfully demanded, charged, received, and exacted from the plaintiff a rate that was unjust, extortionate, and unreasonable."   (3) That through the fault and negligence of the defendant, and its connecting lines, agents, and employes, all the grain shipped by the plaintiff was not delivered to the consignees.   The aggregate amount of damages claimed by the plaintiff is $145,000.   The suit was brought in the state court, where the defendant appeared, and in apt time filed an answer to the first cause of action, and a petition to remove the suit into this court, upon the ground that

it arises under the act of congress commonly known as the "Interstate Commerce Act." The suit is not, in express terms, based on that act. But the statement of the cause of action follows very closely the language of the act, and the complaint was undoubtedly framed to bring the case within its provisions. The first section of the act of March 3, 1887, declares—

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States."

And section 2 of the act provides—

"That any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, * * * may be removed by the defendant to the circuit court of the United States."

It will be observed that the first section gives the circuit courts original jurisdiction of all suits arising under the constitution or laws of the United States, and by the provisions of the second section any suit of which the circuit court is given original jurisdiction by the first section may be removed by the defendant to the circuit court. If, then, this is a suit arising under a law of the United States, it is removable. That it is such a suit cannot be controverted. The interstate commerce act declares all charges for transportation of passengers or property "shall be reasonable and just, and every unjust and unreasonable charge for such service is prohibited and declared to be unlawful." Unjust discrimination is "prohibited and declared to be unlawful;" and the giving of "any undue or unreasonable preference or advantage" to one shipper or locality over another is prohibited. The eighth section of the act declares—

"That in case any common carrier, subject to the provisions of this act, shall do, cause to be done, or permit to be done, any act, matter, or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this act required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this act, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case."

The ninth section of the act provides—

"That any person or persons claiming to be damaged by any common carrier, subject to the provisions of this act, may either make complaint to the commission, as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this act, in any district or circuit court of the United States of competent jurisdiction."

This suit is brought to recover from the defendant damages for acts which constitute a violation of the provisions of the interstate commerce act. The suit, therefore, arises under that act, and might have been originally brought in the circuit court. This makes it a removable cause.

Notwithstanding the suit arises under a law of the United States, it would not be removable if the parties were at one as to the application and construction of that act, and the only controversy was over questions of fact or of general law. But the parties in the case are not agreed on the proper construction of the act. For the purpose of the transfer of a cause, the petition for removal performs the office of pleading. The petition in this case complies with the rule, and sets out with unusual fullness and particularity the facts and the provisions of the interstate commerce act which are relied upon as constituting a defense. The petition for removal, among other things, alleges that the defendant printed and posted up, for public inspection, schedules, showing the rates and fares and charges for the transportation of passengers and property, which it had established, as required by the sixth section of the act, and that the rates so established were just and reasonable, and were the rates charged the plaintiff and all others, without any discrimination, and that in a suit or proceeding brought by the Lincoln Board of Trade, of which body the plaintiff was at the time a member, before the interstate commerce commission, against the defendant, to test the justice and reasonableness of the defendant's schedule of rates and charges, that tribunal adjudged that they were just and reasonable. Upon these facts the defendant claims the question whether its schedule rates are reasonable and just is *res judicata;* and that, if that be not so, the act makes the schedule rates lawful until directly attacked and set aside; and, finally that under the act the schedule rates are *prima facie* just and reasonable, and that whether they are so or not is a question arising under the act, and depending largely for its correct decision upon the construction of the various provisions of the statute. A suit is removable when it clearly appears from the record that its determination will necessarily involve the construction of an act of congress the meaning of which is in dispute between the parties. All this clearly appears from the record in this case.

The construction of the act contended for by the defendant is not so fallacious or absurd as to warrant the court in treating it as an idle or false pretense. The court will indulge the presumption that the petition for removal was filed in good faith, and that the defendant, knowing the proverbial uncertainty of the law, is animated by a lively hope that its construction of the act may prevail. The court will not, on the motion to remand, anticipate the trial of the case, and proceed to construe the act of congress, and determine the rights of the parties thereunder. It cannot eliminate the federal question from the case by a premature decision of it, and then remand the suit on the theory that there is no longer a federal controversy in the case. It is said in argument that the suit cannot certainly be said to arise under the act of congress because the complaint states a good cause of action at the common law. It must be conceded that the complaint would be good at common law. And it is true that the provisions of the interstate commerce act prohibiting unjust and unreasonable charges and unjust discrimination are merely declaratory of the common law. 2 Redf. R. R. 95; Hutch. Carr. 243, 302; *Brown* v. *Pool,* (Iowa, 1890,) 46 N. W. Rep. 1069; *Scofield* v.

*Railway Co.*, 43 Ohio St. 571, 3 N. E. Rep. 907. And the remedies afforded by the act of congress for such practices are cumulative, and not exclusive of the remedies existing at common law. The act declares that "nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies." The law would have been the same independently of this provision. The rule is that when a statute gives a remedy in the affirmative, (without a negative express or implied,) for a matter which was actionable at common law, this does not take away the common-law remedy, but the party may still sue at common law as well as upon the statute. Potter, Dwar. St. 275, note 5. It is highly probable that in the progress of the case it will be found that, as to some of the plaintiff's causes of action, the statute is in some respects more favorable to the plaintiff than the common law. And the learned counsel for the plaintiff enter no disclaimer of their intention to avail themselves of these statutory advantages on the trial of the cause. But if the plaintiff's case was based, in terms, on the common law alone, that fact would not affect the question of removal. The plaintiff may be content to rest his case on the common-law liability of common carriers, but he cannot thereby deprive the defendant, as a carrier of interstate commerce, of any defense it has under the act of congress, which covers the ground of the common law, and much more. It is enough that there is a federal question in the case, whether it is relied on by the plaintiff or the defendant. A case arises under a law of the United States whenever that law is the basis of the right or privilege, or claim or protection, or defense, of the party, in whole or in part, by whom it is set up. *Tennessee* v. *Davis*, 100 U. S. 257. The motion to remand is overruled.